# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

SCOTT P. HINTZ,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Civil Action No. 3:10CV535–HEH
                                         )
EXPERIAN INFORMATION                     )
SOLUTIONS, INC.,                         )
                                         )
and                                      )
                                         )
MARAUDER CORPORATION,                    )
                                         )
                    Defendants.          )

## MEMORANDUM OPINION
### (Defendant-Experian's Motion for Judgment on the Pleadings)

This is an action seeking money damages, injunctive, and declaratory relief against Defendants for violations of 15 § U.S.C. 1681, also known as the Fair Credit Reporting Act ("FCRA"). This matter is presently before the Court on Defendant-Experian's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, Experian's Motion is granted in part and denied in part.

Scott P. Hintz ("Hintz") filed an eight-count complaint against Experian Information Solutions, Inc. ("Experian") and Marauder Corporation ("Marauder") on July 30, 2010, alleging violations of the FCRA. Counts One through Six of the Complaint allege that Experian violated various provisions of the FCRA by improperly allowing Marauder access to Hintz's consumer credit report ("report"), on which Marauder posted negative information, thereby decreasing Hintz's credit score. More specifically, Hintz's complaint alleges violations of 15 U.S.C. §§ 1681e, 1681b, 1681e(b), 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5)(A) by Experian. Counts Seven and Eight of the Complaint allege violations of the FCRA by Marauder and are not at issue in this Motion. Experian filed this Motion for Judgment on the Pleadings on August 27, 2010. Hintz filed a reply brief on September 10, 2010 and Experian filed a rebuttal brief on September 16, 2010.

Hintz's allegations stem from his receipt, and subsequent return, of "Bill Collector in a Box" ("Bill Collector") software in July 2006, when Hintz was employed as the Finance Manager at an automobile dealership. The Complaint alleges that on or about July 29, 2006, Hintz, on behalf of his employer, agreed to a 30-day free trial of the Bill Collector software and service. According to the Complaint, Hintz decided to return the software after ten days. Bill Collector then began to send invoices to Hintz's employer demanding payment for use of the software. When Hintz's employer refused to pay the invoices, Marauder, an entity allegedly affiliated with Bill Collector, began contacting

Hintz individually to demand payment of the invoices. Hintz refused to pay, citing the 30-day free trial period. Marauder, which had access to Experian's internet credit report database, then allegedly threatened to access Hintz's credit report and post derogatory information concerning the alleged debt. Hintz alleges that Marauder made an unauthorized inquiry into his report on or about June 8, 2007, which was reflected as a collection inquiry and therefore had a negative impact on his credit.

After learning of this inquiry, Hintz allegedly contacted Experian to explain that he was not responsible for the alleged debt and to express concern to Experian about Marauder's inquiries into his credit history and the effect that it might have on Hintz's credit score. Hintz alleges that after this initial communication with Experian, Marauder again contacted him seeking payment for the debt and threatening to damage his credit. Following this communication with Marauder, Hintz states that he contacted Experian again and instructed that Marauder be denied access to his report. Despite these requests and the information provided to Experian concerning Marauder's behavior, Hintz alleges that Experian continued to permit Marauder to improperly access his report, thereby damaging his credit score and ultimately affecting his ability to refinance his home in late 2008.

In its Motion for Judgment on the Pleadings, Experian urges this Court to consider discovery materials and information adduced in a prior action that Hintz and other purported class claimants filed against Experian. That action was voluntarily dismissed by Hintz in May, 2010. Experian argues that Hintz's allegations in the immediate case,

when viewed with the information from the prior dismissed action, collectively do not state a claim to relief that is plausible on its face. Therefore judgment on the pleadings in favor of Experian is warranted. Experian further argues that Hintz's claim for injunctive relief should fail because the FCRA does not permit such relief for individual plaintiffs. Lastly, Experian argues that even if this Court does not consider the discovery materials from the prior action, Experian should still prevail on its Motion because Experian had reason to believe that Marauder was attempting to collect a debt for which Marauder believed Hintz was responsible—an action which is permitted by § 1681b(a)(3)(A).

In response, Hintz argues that the Complaint alleges facts that show that Experian provided Hintz's report to Marauder without a permissible purpose, thereby entitling Hintz to relief under the FCRA. Furthermore, Hintz argues that the discovery information from the prior action should not be considered by the Court in ruling on Experian's Motion because it was not mentioned in the Complaint or material to Hintz's claim, and because the authenticity of the material is in dispute. Lastly, Hintz contends that the Complaint pleads sufficient facts to constitute a plausible claim that Experian failed to follow or establish reasonable procedures, and that Experian failed to conduct a reasonable reinvestigation to determine the accuracy of false information in Hintz's report, both of which constitute violations of the FCRA.

## II.

The standard for reviewing a motion for judgment on the pleadings under Rule 12(c) utilizes the same standard as a motion made pursuant to Rule 12(b)(6). *Burbach*

4

*Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; ... it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555, 127 S. Ct. at 1964-65. Thus, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557, 127 S. Ct. at 1966. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim. *Id.* At 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between

possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). Additionally, in considering Experian's motion, the Court assumes the facts alleged in the Complaint are true and draws all reasonable factual inferences in the nonmovant's favor. *Edwards*, 178 F.3d at 243.

### III.

Experian urges the Court to consider information and documents that came to light during Hintz's prior action against Experian and Marauder, which ended in a voluntary dismissal. Specifically, Experian cites an e-mail exchange between Ryon Gambill of Marauder and Hintz, as well as an excerpt from Hintz's deposition in the prior action in which Hintz allegedly admits that he is responsible for the disputed debt. *See* Def.'s Mem. Supp. Exs. D, E. "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the [12(c)] motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F.App'x 395, 396 (4th Cir. 2006) (internal citations omitted).

However, there are exceptions to this rule. "Specifically, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the *authenticity of these documents is not disputed.*" *Witthohn*, 164 F.App'x at 396 (internal citations omitted) (emphasis added); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("[A court] may consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and

authentic."). Testimony from Hintz's deposition in the prior action shows that Hintz believes the e-mail to be "a forged contract," thereby putting the authenticity of the e-mail in dispute. Pl.'s Mem. Opp. Ex. 1 at 98, ECF No. 11. Because its authenticity is disputed, the Court will not consider the e-mail between Gambill and Hintz in ruling on Experian's motion.

Experian also urges the Court to consider testimony from Hintz's deposition from the prior action, which Experian argues is contradictory to Hintz's allegations in his Complaint. Yet the most that the deposition shows is that Hintz asked Ryon Gambill of Marauder to send a bill for any services, and that Hintz "may have misunderstood" the free trial offer. Def.'s Mem. Supp. Ex. E at 54-55, ECF No. 6-5. This testimony, viewed together with the facts alleged in Hintz's Complaint, does not provide a sufficient basis to discount the plausibility of the action pleaded.

## A. Count One- 15 U.S.C. § 1681e

In Count One, Hintz alleges that Experian violated § 1681e "by failing to follow or establish reasonable procedures to assure that Maraduer had a permissible purpose under 15 U.S.C. § 1681b for obtaining Hintz's credit reports on numerous and repeated occasions." Compl. ¶ 59, ECF No. 1. § 1681e provides, in relevant part, that "[n]o consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title." 15 U.S.C. § 1681e. To survive Experian's Motion, Hintz's Complaint must therefore allege that Experian had reasonable grounds to believe

that Marauder would not use Hintz's report for a permissible purpose under § 1681b and that Experian did not maintain reasonable procedures to prevent impermissible uses of Hintz's report. Hintz's Complaint pleads sufficient facts to survive Experian's Motion.

The Complaint alleges that Experian provided Marauder with Hintz's report after Experian was notified that Marauder had been improperly threatening Hintz, and that the alleged debt was invalid. Compl. ¶¶ 29, 30, 35. Viewed in the light most favorable to Hintz, these allegations establish that Experian was aware that the disputed debt was invalid and that Experian had reasonable grounds for believing that Marauder was using its access to Hintz's consumer report for an impermissible purpose. The allegations further establish that despite knowledge of Marauder's behavior, Experian continued to provide Marauder access to Hintz's consumer report. This further demonstrates that Experian failed to adopt reasonable procedures to limit the furnishing of consumer reports for permissible purposes only. Hintz's Complaint therefore states a plausible claim to relief under § 1681e and Experian's Motion with respect to Count One is denied.

## B. Count Two- 15 U.S.C. § 1681b

In Count Two, Hintz alleges that Experian violated § 1681b by furnishing Marauder with Hintz's report without a permissible purpose for doing so. *Id.* ¶ 65. § 1681b(a) provides, in relevant part, that a consumer reporting agency may only provide a consumer report to a person if it has reason to believe that the person "intends to use the information in connection with a credit transaction involving ... review or collection of an account of the consumer ... or otherwise has a legitimate business need for the

8

information." 15 U.S.C. § 1681b(a). To survive Experian's Motion with regard to the § 1681b claim, Hintz's Complaint must allege sufficient facts to demonstrate that Experian should have known that Marauder did not intend to use Hintz's report in connection with a bona fide collection action, or for an otherwise legitimate business purpose. *See Cappetta v. GC Svcs. Ltd. Partnership*, 654 F. Supp. 2d 453, 462 (E.D. Va. 2009). As in Count One, Hintz alleges that Experian provided Marauder with his report after being advised of Marauder's use of improper methods to collect an invalid debt. Compl. ¶¶ 29, 30, 35. These facts, which must be taken as true at this stage, are sufficient to plead an actionable claim that Experian should have known that Marauder did not intend to use Hintz's report in connection with collection of Hintz's account. Therefore, Experian's Motion with respect to Count Two is denied.

## C. Count Three- 15 U.S.C. § 1681e(b)

Count Three alleges that Experian violated § 1681e(b) of the FCRA. *Id.* ¶ 71. § 1681e(b) provides that whenever a credit reporting agency prepares a consumer credit report, "it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A plaintiff claiming a violation of § 1681e(b) "must show (i) that a particular 'consumer report contains inaccurate information' and (ii) that 'the reporting agency did not follow reasonable procedures to assure maximum possible accuracy.'" *Hinton v. Trans Union LLC*, 654 F. Supp. 2d 400, 450 (E.D. Va. 2009) (quoting *Dalton v. Captial Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Here, Hintz has alleged facts

9

that, when taken as true, establish that his report contains inaccurate information. Hintz's Complaint alleges that there was a thirty-day free trial period for the Bill Collector software, Compl. ¶¶ 12, 13, and that he returned the software before the thirty day period expired. *Id.* ¶ 14. These allegations are sufficient to establish that Hintz's report contains inaccurate information, thereby satisfying the first element needed for a claim under § 1681e(b). Turning to the second element, Hintz alleges that, despite repeated notification of Marauder's threats and improper behavior concerning the alleged debt, Experian continued to allow Marauder to access Hintz's report through Experian's internet database. *Id.* ¶¶ 9, 25, 26, 35, 36. These allegations are sufficient to establish a plausible claim that the reporting agency "did not follow reasonable procedures to ensure maximum possible accuracy." *Hinton*, 654 F. Supp at 450. Experian's Motion with regard to Count Three is therefore denied.

## D. Counts Four Through Six – 15 U.S.C. § 1681i

In Counts Four through Six, Hintz alleges violations of § 1681i by Experian for its: (1) failure to conduct a reasonable investigation to determine whether the disputed information on his credit report was inaccurate; (2) failure to review and consider all relevant information concerning the disputed debt; and (3) failure to promptly delete or modify the disputed information upon completion of an accurate investigation. "[A] consumer who brings a § 1681i failure to reinvestigate claim must first show that his credit file contains inaccurate or incomplete information." *Hinton v. Trans Union LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009). Here, Hintz has pleaded facts that, taken as

true with all inferences in Hintz's favor, show that his credit file contained inaccurate information. Hintz's Complaint alleges that there was a thirty-day free trial period for the Bill Collector software, Compl. ¶¶ 12, 13, and that he returned the software before that period expired. *Id.* ¶ 14. Hintz therefore contends that the debt listed on his consumer report was invalid, *id.* ¶¶ 16, 18, 21, and that he notified Experian of the inaccuracy. *Id.* ¶¶ 29, 30. These allegations are sufficient to establish a plausible claim that Hintz's report contains inaccurate information.

"The decisive inquiry [in evaluating a § 1681i claim] is whether the defendant credit bureau could have uncovered the inaccuracy if it had reasonably reinvestigated the matter." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (internal citation and quotations omitted). Here, Hintz alleges that he notified Experian several times of inaccuracies on his report, Compl. ¶¶ 29, 30, 32, 34, 44, 45, and that he obtained copies of his report from Experian on February 27, 2009 and March 5, 2009 in order "to determine if Experian had taken action on the false information that Marauder had placed on his credit report." *Id.* ¶ 50. Hintz further alleges that after reviewing these reports, he "noticed that each one stated that Experian had investigated his complaint regarding Marauder and verified the derogatory information was correct and accurate." *Id.* ¶ 51.

Lastly, Hintz alleges that Experian "fail[ed] and refuse[ed] to take the time to review the information that it has received about Marauder from numerous sources (including Hintz) to recognize that the derogatory information that Marauder is posting about Hintz on his credit report is false, invalid, and causing him harm." *Id.* ¶ 56.

Drawing all inferences in Hintz's favor, these allegations are sufficient to state a claim to relief that is plausible under § 1681i—that Experian could have uncovered the inaccuracy in Hintz's report if it had reasonably reinvestigated the matter using the information that Hintz provided. Therefore, Experian's Motion with regard to Counts Four through Six is denied.

## E. Injunctive Relief

In addition to monetary damages sought in Counts One through Six, Hintz appears to seek injunctive relief against Experian.[1]  In *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525 (E.D. Va. 1998) Judge Cacheris conducted a thorough analysis of the issue of whether injunctive relief is available to plaintiffs under the FCRA and concluded that it is not: "While the FCRA does not expressly prohibit injunctive relief, Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy." *Bumgardner*, 996 F. Supp at 527. Although district courts are split as to whether the FCRA affords private litigants injunctive relief, *compare Ditty v. CheckRite Ltd.*, 973 F. Supp. 1320, 1338 (D. Utah 1997) (holding that injunctive relief is not available to private litigants under the FCRA), *and Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (same), *with Greenway v. Information Dynamics, Ltd.*, 399 F. Supp. 1092, 1096-97 (D. Ariz. 1974) (granting preliminary injunctive relief on a class action claim under the FCRA), this Court finds

---

[1] In the third paragraph of his prayer for relief, Hintz asks the Court to "[a]ward injunctive and declaratory relief against the defendants jointly and severally." Compl. at 18. However, Hintz does not ask for injunctive relief in any of the Six Counts against Experian.

*Bumgardner* to be a well-reasoned analysis of the issue and agrees that injunctive relief is not available to plaintiffs under the FCRA. To the extent that Hintz seeks injunctive relief against Experian, Experian's Motion is granted on that claim only.

<u>IV.</u>

For these reasons, Experian's Motion for Judgment on the Pleadings as to Counts One through Six is denied. Experian's Motion is granted as to Hintz's demand for injunctive relief. An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Oct. 13 2010
Richmond, VA